Dye, J.
(dissenting). Subdivision 1 of section 102 of the Alcoholic Beverage Control Law, by paragraph (c) prohibiting shipments of alcoholic beverages into this State, unless consigned to a person duly licensed, and by paragraph (d) prohibiting common carriers from bringing or carrying liquor within the State, unless so consigned, is so clearly expressed that its meaning is unmistakable and, as such, constitutes an expression of legislative intention requiring no judicial construction or interpretation. If there is any doubt as to the public policy thus clearly stated—and none is apparent — the Legislature effectively removed it in paragraph (e) which provides: “ (e) Subdivisions (c) and (d) hereof shall apply to alcoholic beverages, either in the original package or otherwise, whether intended for personal use, as well as otherwise, and to interstate, as well as intrastate, shipments or carriage.” The words “whether intended for personal use ” can only mean that no alcoholic beverages may be shipped into the State unless “ consigned to a person duly licensed” (par. [c]).
People v. Ryan (274 N. Y. 149) is not authority to the contrary. That was a criminal prosecution against a private individual who had brought into the State a few bottles of wine and spirits which he had concededly bought and paid for solely for his personal use, not for resale or distribution to others, and who was not a ‘ ‘ common carrier ”. We thus read the words “or other person” as a person engaged in an occupation similar to a common carrier who is prohibited from bringing or carrying alcoholic beverages into the State unless consigned, etc., and thus defendant committed no prohibitive act.
Section 116, relating as it does to delivery of alcoholic beverages sold within the State by a licensed retailer to a private consumer, is neither an exception to nor an enlargement of section 102. Section 102 relates to shipments and deliveries of *56 alcoholic beverages from a point outside of the State (which would normally be by sellers not licensed by the State and over whom it has no control) to a consignee within the State who, reasonably enough, must be duly licensed. While enforcement of the law in its present posture may cause inconvenience to New York residents who purchase liquor outside the State, it affords no basis for piecemeal emasculation by judicial process of clearly worded statutes expressing a long-established policy in a sensitive administrative area. If a change is desirable, it should be by appropriate legislative enactment. Until this is done, the challenged sections should be sustained as providing a reasonable and necessary restriction and limitation on the traffic of alcoholic beverages.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Desmond and Judges Van Voorhis and Burke concur with Judge Fuld; Judge Dye dissents in an opinion in which Judges Scileppi and Bergan concur.
Order reversed, etc.